(July 2, 1917.)

## CHARLES J. KINSOLVING, Respondent, v. MILWAUKEE LUMBER COMPANY, a Corporation, Appellant.

[166 Pac. 567.]

FINDINGS OF FACT—SUPPORTED BY EVIDENCE—AFFIRMED.

> *Held,* where in an action upon an express contract for the payment of money, the trial court finds all of the facts in favor of plaintiff, and the findings are sustained by the evidence, the judgment for plaintiff will be affirmed.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. John M. Flynn, Judge.

Action on contract. Judgment for plaintiff. *Affirmed.*

E. N. La Veine, for Appellant.

R. B. Norris and Frank L. Moore, for Respondent.

Counsel cite no authorities on point decided.

BUDGE, C. J.—Respondent was the owner of certain timber lands which he had purchased from the United States government with "lieu land scrip" of the Santa Fe Pacific Railway Company. Patent was issued to the latter company, from which respondent received a power of attorney authorizing him to deed the land.

On September 27, 1911, respondent sold the land to the appellant, Milwaukee Lumber Company, giving the latter a quitclaim deed thereto, and at the same time appellant company entered into an agreement with respondent to pay him $12,000 as the purchase price, payable as follows: $1,000 on or before November 1, 1911; $2,500 on or before January 1, 1912; and the balance on or before July 1, 1912. No part of the purchase price was ever paid, and respondent brought this action to recover the purchase price together with the accrued interest.

Appellant answered, admitting the agreement to pay the amount alleged by respondent, alleging that the legal title to the property was in the Santa Fe Pacific Railway Company; that appellant conveyed same, acting as attorney in fact for the railway company, but denying that respondent was the equitable owner of the land; admitting that no payments had been made under the agreement, but denying that any sums were due or owing thereunder; alleging that as a part of the same transaction, with the knowledge, acquiescence, understanding and at the request of respondent, appellant entered into an agreement with Lindquist & Lindquist, who were to purchase the land, appellant to purchase the timber, as soon as cut and delivered, and out of the proceeds thereof was to pay respondent the sum mentioned in the agreement sued upon; and further alleging that it merely held the title in trust for the rightful owner, to whom it was ready to convey. Who was the rightful owner was not alleged. It was further alleged, that immediately after the execution of the instrument sued upon, the McGoldrick Lumber Company had brought suit in the federal court against respondent, appellant and Lindquist & Lindquist, to quiet title to this same property, in which suit an injunction had issued preventing the parties from performing their several contracts, which suit was still pending; and asked to have Lindquist & Lindquist made parties to the action.

A jury being waived, the trial court found all of the facts in favor of respondent, which findings are clearly supported by the evidence, and judgment was entered accordingly.

This appeal is from the judgment. Several errors are assigned, but we have carefully examined all of them, in connection with the entire record, and find that they are without merit.

Respondent filed a motion herein, supported by affidavits, charging that the appeal is frivolous and was taken solely for the purpose of delay, and asking that, for this reason, damages be awarded against appellant, as a penalty. In opposition thereto, appellant filed a counter-showing. We have carefully examined the showing made for and against the motion, and have reached the conclusion that, under all the circumstances of the case, the penalty should not be imposed. The motion is therefore denied.

The judgment is affirmed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.